STATE OF MAINE                                      SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                           DOCKET NO. AP-09-05
                                                    PAF - Y I   7 /

JAMES CULLEN, et al.,

                Plaintiffs

v.                                                  ORDER
                                                    AND
                                                    DECISION

INH. TOWN OF ELIOT, et al.,

                Defendants

The plaintiffs are owners of real estate on Old Farm Road in Eliot, which is depicted in a plan called Division of Land for William J. Cullen & Anthony M. Bullis prepared by Anderson Livingston Engineers, Inc. which is dated March 26, 2001. They have appealed from a decision of the Eliot Board of Appeals of December 19, 2008 which affirmed a decision of the Eliot Code Enforcement Officer of November 3, 2008 following remand from the Law Court. See *Mills v. Town of Eliot*, 2008 ME 134, 955 A.2d 258. The Code Enforcement Officer determined in his November 3, 2008 letter that "the intent of the transferor was to avoid the road design standards applicable to subdivisions in the Town of Eliot and therefore to avoid the regulatory consequence of creating a subdivision." That essential finding has been appealed to this Court, briefed and argued.

The role of the Superior Court is to review the "operative decision", which is the decision of the Code Enforcement Officer on remand, to determine whether there is substantial evidence to support it. The Court does not choose between potential competing factual determinations where both have evidence to support them.

The state statutes regarding subdivisions are found at 30-A M.R.S.A. §§ 4401 – *et seq.* and contain a definition of subdivision at 30-A M.R.S.A. §4401(4). At 30-A M.R.S.A. §4401(4)(D-4) there is an exception for "family" subdivisions "unless the intent of the transferor is to avoid the objectives of this subchapter." The developer-applicant has the burden of establishing "the factual elements necessary for the grant of his application." *Mills* at ¶20.

While there is competing evidence there is substantial evidence supporting the Code Enforcement Officer's determination. The original plan was not for a "family" subdivision. Problems arose regarding the Town's road requirements for dead end streets and the developers essentially resubmitted the original plan for a 13-lot subdivision as a "family subdivision". Only two other houses have been built since 2001 and this suit involves the third house.

The Code Enforcement Officer had ample evidence to conclude, if he wished to, that the attempted creation of such a large exempt subdivision was merely an attempt to avoid inconvenient or expensive subdivision requirements such that, with patience, the lots could be sold to anyone free of road requirements that were believed to be too burdensome. The decision is amply supported by competent evidence.

Lastly, the Code Enforcement Officer was free to make his own decision and was "not precluded from making his own findings and conclusions by any findings or conclusions purportedly made by the CEO in 'approving' the family subdivision plan in May 2001." *Mills* at n.6.

The entry is:

Decision of the Eliot Code Enforcement Officer of November 3, 2008 is affirmed.

Dated: July *10*, 2009

Paul A. Fritzsche
Justice, Superior Court

Sanford Roberts, Esq. - PL
Durward Parkinson, Esq. - PL
Christopher Vaniotis, Esq. - DEF. INH. TOWN OF ELIOT
William Dale, Esq. - DEF. VICKIE MILLS          2